| |
| --- |
| **Guzman v Board of Mgrs. of the Amherstcortlandt Condominium** |
| 2025 NY Slip Op 31512(U) |
| April 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160614/2017 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**                        PART                      14
                                                    *Justice*

-----------------------------------------------------------------------------X

GISELLE GUZMAN,

| | |
|---|---|
| **INDEX NO.** | 160614/2017 |
| **MOTION DATE** | 04/24/2025 |
| **MOTION SEQ. NO.** | 006 |

Plaintiff,

- v -

THE BOARD OF MANAGERS OF THE
AMHERSTCORTLANDT CONDOMINIUM; RUDD REALTY
MANAGEMENT CORP.; ELYSE SUSAN PACE and
JEROME STUART WALLACH as executors of the estate of
SANDI PEARL WALLACH a/k/a PEARL SANDI WALLACH
a/k/a PEARL P. WALLACH a/k/a SANDI BOGERT;
NEVADA MUNRO a/k/a NEVADA MONROE; IRWIN
SHELDON GLADSTONE; NANCY SUE VANN,
                                        Defendant.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 153, 154, 155, 156,
157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177,
178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188

were read on this motion to/for                            JUDGMENT - SUMMARY                     .

Defendants' motion for summary judgment dismissing this case is granted and plaintiff's

cross-motion for summary judgment is denied.

**Background**

Plaintiff commenced this action to remove purportedly improper liens placed upon her

condominium unit. She brings causes of action against defendants for breach of fiduciary duty,

aiding and abetting breach of fiduciary duty, breach of the duty of good faith, breach of contract,

fraud, vacatur and cancellation of lien, as well as injunctive relief. Plaintiff alleges that the

parties entered into a global settlement agreement in 2008, which resolved multiple prior

litigations between the parties. She insists she has abided by the terms of this settlement but that

defendants have placed new liens on her unit in violation of the global settlement.

**160614/2017   GUZMAN, GISELLE vs. BOARD OF MANAGERS OF THE**                        **Page 1 of 5**
  **Motion No.  006**

[* 1]

Defendants insist that plaintiff has a long history of not paying common charges. They contend they satisfied the 2008 settlement by terminating the lien for common charges filed way back in 2005. Defendants emphasize that at her deposition, plaintiff admitted that she was not aware of a 2011 capital assessment, a common charge increase in 2014 or about delinquencies concerning her outstanding payments highlighted in a May 2014 letter from defendants.

Defendants' position in this matter is that plaintiff simply failed to pay her common charges and that defendants took the actions they were entitled to take where a delinquent unit owner has not responded to notices about unpaid charges by filing a lien on the unit. They contend that the business judgment rule compels the Court to grant their motion. Defendants observe that plaintiff has not made any payments on her common charges since September 12, 2022 and that she now owes more than $60,000 (which is the subject of a separate litigation commenced by the condominium in 2024).

In opposition and in support of her cross-motion for summary judgment, plaintiff argues that the lien has expired and defendants are time-barred from collecting on any debt associated with the 2015 lien. She contends that, therefore, her fifth and sixth causes of action to vacate the lien should be granted. Plaintiff also wants defendants to be permanently enjoined from taking any action to collect on any unpaid charges.

Plaintiff complains that defendants' efforts to recover in the 2024 action commenced by the condominium are therefore barred. She admits that "Although Plaintiff's current theory supporting her vacatur and cancellation cause of action and injunctive relief cause of action differs from what was initially pled in her Complaint, the Court has discretion to consider such theory especially given that the 2015 Lien and any alleged debt that accrued prior to June 10, 2018 is time-barred by operation of law" (NYSCEF Doc. No. 176, ¶ 28).

**160614/2017   GUZMAN, GISELLE vs. BOARD OF MANAGERS OF THE**
**Motion No.  006**

**Page 2 of 5**

Plaintiff also seeks summary judgment on her breach of contract claim because the global settlement required that any notice from the condominium be emailed to her at a specific "yahoo" email account and nothing in discovery shows defendants complied with this provision.

In opposition and in reply, defendants argue that the 2008 global settlement did not limit defendants' obligations in perpetuity. They emphasize that the language of the settlement makes clear it applies to the settlement of the three existing actions between the parties at that time. Defendants also point out that this agreement specifically required plaintiff to pay her common charges going forward. With respect to the lien, defendants contend that they filed a superseding lien in 2024 and that plaintiff improperly attempts to litigate that separate action in this motion.

**Discussion**

The Court grants defendants' motion. "Under the business judgment rule, a court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws ... and whether the action was taken in good faith to further a legitimate interest of the condominium" (*Frankel v Bd. of Managers of 392 Cent. Park W. Condominium*, 177 AD3d 465, 466, 112 NYS3d 65 [1st Dept 2019] [internal quotations and citations omitted]).

Here, the Court is compelled to find that defendants were entitled to file a lien when plaintiff failed to pay her common charges. It is self-evident that ensuring that all unit owners pay their common charges is a legitimate interest of the condominium. The Court recognizes that plaintiff asserted at her deposition that she did not receive certain notices about her failure to pay her common charges (NYSCEF Doc. No. 157 at 21-22). But she did not adequately contest the fact that defendants were entitled to seek unpaid common charges. And that is the key issue here—the Court makes no findings about how much defendants might be entitled to recovery. In fact, that is the subject of the other matter commenced by the condominium. This decision

[* 3]

merely addresses defendants' decision to seek collection, which they were absolutely entitled to undertake.

And plaintiff insisted at her deposition, as well as in these papers, that the notices (which were addressed to her apartment) did not satisfy the notice provision of the global settlement agreement. However, that notice paragraph (paragraph 19 in NYSCEF Doc. No. 180) only applies to that agreement. That is, it applied to the resolution of the three pending actions that were settled in the agreement. There is no way to construe the global settlement to modify defendants' notice obligations forever. In any event, that notice requirement does not raise a material issue of fact in opposition to defendants' good faith effort to ensure that plaintiff pay her common charges.

And, of course, the global settlement also provided that "Ms. Guzman shall timely pay her monthly common charges and any special assessments beginning in January 2008 on a going forward basis and shall not withhold payment of such charges for any reason, including the necessity of repairs in the Unit" (*id*. ¶ 4). Therefore, plaintiff's causes of action alleged here are without merit.

The record submitted here shows, as a matter of law, that defendants did not breach any contract (the first cause of action). As defendants point out, they were entitled to file a lien where plaintiff was months in arrears on her common charges. Moreover, the business judgment rule bars the breach of fiduciary duty claim as well as the claim for aiding and abetting a breach of fiduciary duty. As noted above, defendants were not barred from seeking common charges by the global settlement.

Plaintiff's claim for the breach of the duty of good faith and fair dealing is dismissed as duplicative of the breach of contract claim (*Netologic, Inc. v Goldman Sachs Group, Inc.*, 110

**160614/2017   GUZMAN, GISELLE vs. BOARD OF MANAGERS OF THE**
**Motion No. 006**

**Page 4 of 5**

[* 4]

AD3d 433, 433-34, 972 NYS2d 33 [1st Dept 2013]). The Court also grants summary judgment dismissing plaintiff's fraud claim—the record shows defendants merely sought to ensure payment of outstanding common charges. That does not constitute fraud.

Finally, the Court dismisses the causes of action for vacatur of the lien and for injunctive relief. The fact is that the condominium filed a new lien which it claims supersedes the 2015 lien that is the subject of this action and is at issue in a separate litigation pending before a different judge. This Court also declines to grant plaintiff relief with respect to this new 2024 lien as she did not allege anything about it in her complaint and it can be resolved in the 2024 matter.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is granted and the Clerk is directed to enter judgment in favor of defendant and against plaintiff along with costs and disbursements upon presentation of proper papers therefor; and it is further

ORDERED that plaintiff's cross-motion for summary judgment is denied.

Case dismissed.

| | | |
|---|---|---|
| **4/28/2025** | | **ARLENE P. BLUTH, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160614/2017   GUZMAN, GISELLE vs. BOARD OF MANAGERS OF THE**
**Motion No.  006**

Page 5 of 5

5 of 5